O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34/35

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4563 PSG (JWJx) | Date | March 5, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. James Griffis | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):                Attorneys Present for Defendant(s):

      Not Present                                                                Not Present

**Proceedings:**     **(In Chambers) Order Denying Plaintiff's Motion to Vacate**

     Before this Court is Plaintiff's Motion to Vacate. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby DENIES the Motion.

I.     BACKGROUND

     On July 17, 2008, Roy Sudduth ("Plaintiff") filed a pro se complaint against the following defendants: James Griffis ("Griffis"); A. Guerrero ("Guerrero"); Annie Mae Curry ("Curry"); Rudolf Montiel ("Montiel"); Shirley Hopgood ("Hopgood"), erroneously named as Shirley Hopkins; Lourdes Ramirez ("Ramirez"), John Stevenson ("Stevenson"); Shirley Fields ("Fields"); Edward Padilla ("Padilla"); HACLA, and the City of Los Angeles ("the City") (collectively, "Defendants"). In his complaint, Sudduth asserts violations of: (1) the Civil Rights Act of 1964, (2) the Fair Housing Act, (3) the Equal Protection Clause of the Fourteenth Amendment, and (4) 42 U.S.C. § 1983.

     On December 30, 2008, the Court granted Defendants motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), without prejudice. Then, on January 5, 2009, Plaintiff filed a First Amended Complaint ("FAC").

     Presently, Plaintiff moves under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") for an order relieving him from the December 30 Minute Order.

II.    DISCUSSION

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#34/35

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4563 PSG (JWJx) | Date | March 5, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. James Griffis | | |

Rule 60(b) provides that, in its discretion, the district court may grant a motion for relief from a final judgment, order, or proceeding for various enumerated reasons. Plaintiff presently argues that such relief is appropriate because two of these reasons apply: "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." *See* Fed. R. Civ. P 60(b).

Rule 60(b)(1) allows relief from an order for "mistake, inadvertence, surprise, or excusable neglect." Ordinarily, routine carelessness or a party's misunderstanding of the consequences of her action do not qualify for relief. *See Rodgers v. Wyoming Attorney Gen.*, 205 F.3d 1201, 1206 (10th Cir. 2000); *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577-78 (10th Cir. 1996). Additionally, not every error or omission in the course of litigation will qualify as "excusable neglect." Rather, "[t]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (citations omitted).

Despite Plaintiff's arguments otherwise, the simple fact that he is proceeding pro se is not reason enough to grant relief under Rule 60(b)(1). Competent attorneys make mistakes similar to those made by Plaintiff in this case (e.g., failing to submit proof of service, untimely submitting a motion, failing to adequately state a claim upon which relief can be granted). Such mistakes do not rise to a level that requires relief from the Court's order. As for whether there has been excusable neglect in this case, there appears to be no delay in this case. Thus, this basis for relief is inapplicable.

Relief is also not appropriate under Rule 60(b)(6), which allows relief from an order for "any other reason that justifies relief." This "catch-all" category is reserved for extraordinary circumstances. *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998). Used sparingly, relief under this catch-all provision also generally requires a showing of actual injury and the presence of circumstances beyond the movant's control that prevented timely action to protect her interests. *Id.*

Here, Plaintiff's interests are adequately protected. In granting Defendants' motion to dismiss, the Court also granted Plaintiff leave to amend. Plaintiff has in fact amended his complaint. Thus, as Plaintiff is able to further proceed on his claims, there has been no injury. Accordingly, relief under this provision is inappropriate.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#34/35**

CIVIL MINUTES - GENERAL

| Case No. | CV 08-4563 PSG (JWJx) | Date | March 5, 2009 |
|---|---|---|---|
| Title | Roy Sudduth v. James Griffis | | |

III. CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Motion to Vacate.

**IT IS SO ORDERED.**